10-5157-ag
Zheng v. Holder

BIA
Mulligan, IJ
A089 252 073/074

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of March, two thousand twelve.

PRESENT:
          DENNIS JACOBS,
               *Chief Judge,*
          DEBRA ANN LIVINGSTON,
          DENNY CHIN,
               *Circuit Judges.*

_____

DAN CHEN ZHENG, CHAO JIN TANG,
          *Petitioners,*

          v.                                    10-5157-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONERS:        Feng Li, Moslemi and Associates, Inc., New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Nairi S.

**Gruzenski, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Dan Chen Zheng and Chao Jin Tang, natives and citizens of China, seek review of the December 6, 2010, decision of the BIA affirming the May 5, 2009, decision of Immigration Judge ("IJ") Thomas J. Mulligan, denying the petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dan Chen Zheng, Chao Jin Tang*, Nos. A089 252 073/074 (B.I.A. Dec. 6, 2010), *aff'g* Nos. A089 252 073/074 (Immig. Ct. N.Y. City May 5, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the arguments for denying relief that the BIA declined to consider. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of

2

review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).  For asylum applications governed by the REAL ID Act, such as the application in this case, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's adverse credibility determination.  In finding petitioners not credible, the agency reasonably relied in part on their anxious and evasive demeanor while testifying about certain aspects of their claim.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).  Moreover, "[w]e can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."  *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).  Indeed, the record supports the IJ's determination that Tang's demeanor

3

became evasive when he was questioned regarding the details of Zheng's hospital room, and during that testimony he provided details that were inconsistent with Zheng's testimony. *See id.* Furthermore, although petitioners argue that they should have been provided an opportunity to explain an inconsistency in their testimony regarding whether Tang ever returned to work following Zheng's abortion, the agency is not required to solicit explanations for self-evident inconsistencies and petitioners fail to suggest what explanation they would have proffered had they been so questioned. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir. 2006).

In addition, the agency reasonably questioned the plausibility of certain aspects of petitioners' testimony, *see* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (holding that an implausibility finding that is based on "speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience"), and noted the absence of letters or testimony from Zheng's relatives in the United States, *see Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

4

Thus, we find that the agency's adverse credibility determination provided an adequate basis for denying asylum, withholding of removal, and CAT relief insofar as those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk